Jerry M. COLES, Plaintiff—Appellant,

v.

ARAMARK SPORTS AND ENTER-TAINMENT GROUP; Culinary Workers Union, # 226, Defendants—Appellees.

No. 07–15565.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 23, 2008.

Filed Nov. 5, 2008.

Sharon L. Nelson, Nelson Law, Las Vegas, NV, for Plaintiff–Appellant.

Robert A. Dotson, Esquire, Daniel T. Hayward, Esquire, Laxalt & Normura, Ltd., Reno, NV, Kristin L. Martin, Esquire, Richard G. McCracken, Esquire, McCracken, Stemerman, Bowen & Holsberry, Las Vegas, NV, for Defendants–Appellees.

Before: SCHROEDER, D.W. NELSON and REINHARDT, Circuit Judges.

MEMORANDUM *

* This disposition is not appropriate for publication and is not precedent except as provided

Jerry Coles appeals the district court's grant of summary judgment in favor of Culinary Workers Union Local 226 ("Union") and Aramark Sports and Entertainment Group ("Aramark"). We review a grant of summary judgment de novo. *Buono v. Norton,* 371 F.3d 543, 545 (9th Cir.2004). Because the Union did not breach its duty of fair representation and Coles's remaining claims against Aramark are preempted, we affirm the decision of the district court.

 A union's duty of fair representation is breached only by arbitrary, discriminatory, or bad faith conduct. *See Marquez v. Screen Actors Guild,* 525 U.S. 33, 44, 119 S.Ct. 292, 142 L.Ed.2d 242 (1998). Coles did not allege discriminatory conduct, nor did he adduce the "substantial evidence of fraud, deceitful action or dishonest conduct" required to establish bad faith. *See Beck v. United Food and Commercial Workers Union,* 506 F.3d 874, 880 (9th Cir.2007). The Union did not act arbitrarily because it conducted the requisite minimal investigation prior to deciding not to submit Coles's grievance to arbitration. *See Diaz v. Int'l Longshore & Warehouse Union, Local 13,* 474 F.3d 1202, 1207 (9th Cir.2007).

State law claims that "cannot be resolved without interpreting the applicable [collective-bargaining agreement]" are preempted by § 301 of the Labor Management Relations Act, codified at 29 U.S.C. § 185(a). *Cramer v. Consol. Freightways, Inc.,* 255 F.3d 683, 691 (9th Cir.2001) (en banc). The collective-bargaining agreement ("CBA") is the only contract between Coles and Aramark, so its interpretation is necessary to resolve Coles's contract-based claims for breach of contract and breach of the covenant of good faith and fair dealing. Similarly, Coles's intentional infliction of

emotional distress claim arises out of Aramark's conduct leading up to and resulting in Coles's discharge, the outrageousness of which depends on the terms of the CBA. *See Miller v. AT & T Network Sys.,* 850 F.2d 543, 550 (9th Cir.1988) ("Actions that the collective bargaining agreement permits might be deemed reasonable in virtue of the fact that the CBA permits them."); *see also Cook v. Lindsay Olive Growers,* 911 F.2d 233, 239–40 (9th Cir.1990) (finding emotional distress claim preempted because it required interpretation of CBA's "just cause" provision). Because each of Coles's claims against Aramark requires interpretation of the terms of the CBA, they are all preempted. *See Cramer,* 255 F.3d at 691.

**AFFIRMED.**